**INDUSTRIAL COMMISSION v HENRY**

Ohio Supreme Court

No 23017. Decided Feb 24, 1932

Marshall, CJ, Jones, Matthias, Day, Kinkade and Stephenson, JJ, concur.

Full opinion will be published later. Watch **Omnibus Index.**

Through our selling agents, The Haynes Publishing Company, of Cleveland, we have obtained a pamphlet containing the recently adopted Uniform Rules of Practice in the Probate Courts of Ohio for use under the new 1932 Law. Permission to reprint the material in the pamphlet was granted by the Baldwin Law Publishing Company, copyright owners.

## UNIFORM RULES OF PRACTICE

### PROBATE COURTS OF OHIO

Approved by
**Supreme Court of the State of Ohio**
February 24, 1932

Published by
**The Baldwin Law Publishing Company**
Cleveland

### Association of Probate Judges of Ohio

#### OFFICERS

Gideon Palmer, President . . Hamilton, Ohio
J. H. Lamneck, Vice-P., New Philadelphia, O.
Harry G. Gram, Secretary, Springfield, Ohio
Lewis D. Slusser, Treasurer . . Akron, Ohio

#### EXECUTIVE COMMITTEE

Alva L. Deal .............. Stark County
Lodge Riddle ......... Columbiana County
Addie Nye Norton ......... Lake County
Hugh J. Wright ......... Clinton County
V. A. Bennehoff ........... Seneca County
W. W. Harrison ......... Harrison County

#### PROBATE CODE COMMITTEE

J. H. Lamneck ...... Tuscarawas County
H. J. Alexander ......... Licking County
C. M. Woodside ...... Mahoning County
Gideon Palmer ............ Butler County
Harry G. Gram ............ Clark County

#### JUDICIARY COMMITTEE

Harry G. Gram ............ Clark County
John R. Coffin ......... Auglaize County
F. F. Fleming ...... Washington County
Byron Landis .............. Preble County
S. M. Johnson ........... Athens County

#### SPECIAL LEGISLATIVE COMMITTEE

Wm. H. Lueders ........ Hamilton County
W. C. Wiseman ...... Montgomery County
O'Brien O'Donnell .......... Lucas County
Lewis D. Slusser ......... Summit County

COPYRIGHT, 1932
**The Baldwin Law Publishing Company**
CLEVELAND

## UNIFORM RULES OF PRACTICE

### Probate Courts of Ohio

Approved by
Supreme Court of the State of Ohio
February 24, 1932

With Explanatory Notes
prepared by the
Probate Code Committee
of the
Probate Judges' Association

Published by
The Baldwin Law Publishing Company
Cleveland

STATE OF OHIO, City of Columbus.
Supreme Court of the State of Ohio,
Of the Term of January, A. D. 1932
To-wit: February 24, 1932
In the Matter of Adoption of Uniform Rules of Practice for the PROBATE COURTS of Ohio—Order pursuant to Sec. 10501-13 G. C.

It is ordered by the Court that the "Uniform Rules of Practice" proposed by the Ohio Probate Judges Association for the Probate Courts of Ohio, a copy of which has this day been filed in the office of the Clerk of this Court be, and the same are, approved, in accordance with Section 10501-13 General Code.
Approved, Day, J.

I, SEBA H. MILLER, Clerk of the Supreme Court of the State of Ohio, do hereby certify that the foregoing entry is truly taken and correctly copied from the records of said Court, to-wit:
from Journal No. 32 Page......

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Supreme Court this 26th day of February A. D. 1932.
Seba H. Miller, Clerk.
(SEAL)

## UNIFORM RULES OF PRACTICE

### PROBATE COURTS of OHIO

#### Sessions of Court

1. The Probate Office will be open for the transaction of ordinary business during regular business hours on all business days except Saturday. On Saturday, office hours will be maintained during the forenoon.

2. As far as practicable, the Court will

hear cases beginning at 9 A. M. on each Court day.

## Bonds

3. Persons offering themselves as sureties must appear in Court to make oath to the amount of property they own over and above all incumbrances, unless special leave is given for such persons to execute a justification before some other officer. The foregoing does not apply to authorized insurance companies registered in Court.

See G.C. §10506-6, Deibel's Ohio Probate Law, 2nd Ed., §687.

4. Practicing attorneys shall not be allowed to become sureties or bail, in any cause, nor shall they be permitted to become surety on the bond of any executor, administrator, guardian, assignee, or trustee.

See G.C. §10506-6, Deibel's Ohio Probate Law, 2nd Ed., §687.

5. Every Executor or Trustee will be required to give a bond even if a bond is requested to be dispensed with by the provisions of a Will, unless a showing is made that a bond is not necessary to protect creditors.

See G.C. §10506-17, Deibel's Ohio Probate Law, 2nd Ed., §698.

It is thought best to require a bond in estates where a bond is requested to be dispensed with in a Will, if there are creditors whose right might be prejudiced if no bond was required. There are a number of cases where no bond was required and the funds were dissipated by the executor, causing creditors financial loss.

## Residence

6. A non-resident person of this county named as a testamentary guardian of a minor in a Will of a parent, will not be appointed as such guardian, unless a showing is made that it would be for the best interests of said minor to make such appointment.

See G.C. §10506-65, Deibel's Ohio Probate Law, 2nd Ed., §746.

The purpose of this rule is to keep testamentary guardians residents of the county in all cases unless the interests of the ward would be best subserved by appointing a non-resident.

7. Of non-resident persons of this county entitled to administer the estate of an in-testate, the one living nearest this county will be given preference, in making appointments, other things being equal.

See G.C. §10506-65 Deibel's Ohio Probate Law, 2nd Ed., §746.

If there are two persons in the same class entitled to administer an estate and both are non-residents of the county, economy would demand that the one living nearest the county should be given preference, other things being equal.

## General Qualifications

8. No person will be appointed an executor, administrator, guardian, receiver, trustee or assignee who cannot read, write, and speak the English language, unless the Court for good cause shown directs otherwise.

See Deibel's Ohio Probate Law, 2nd Ed., §848, note 2.

## Failure to Apply for Administration

9. If a person entitled to administer the estate of an intestate, or an executor named in a Will fails to apply for letters of administration or letters testamentary three months after the death of the intestate or probate of the Will, his right to priority shall be deemed lost, and the Court on the motion of any interested party, after the issuance of a citation as provided by law, may commit the administration of said estate to any one of the persons next in order, or if there are none such, then to some other suitable person.

See G.C. §10509-3, Deibel's Ohio Probate Law, 2nd Ed., §848.

## Wills

10. At least three days' notice in writing of the hearing on the application to probate a will, shall be given to the surviving spouse, and the next of kin of a testator resident of the State of Ohio, except where the surviving spouse and the next of kin waive such notice.

See G.C. §10504-17, Deibel's Ohio Probate Law, 2nd Ed., §601.

## Inventories, Etc.

11. If inventories, schedules of debts, or other necessary proceedings except accounts, are not filed by fiduciaries within ten days after the time prescribed by statute, or rule, the Court will issue a citation for filing on its own motion, unless the Court on written motion grants additional time for filing the same.

See Deibel's Ohio Probate Law, 2nd Ed., §§469, 886, 963.

### Real Estate and Personal Property Sales
12. Reports of sales of personal property and real estate will be confirmed, and distribution ordered, within a reasonable time after they are filed. Attorneys should prepare the order of confirmation and distribution and present the same to the Court when the order of sale is returned.

See Deibel's Ohio Probate Law, 2nd Ed., §935 et seq, 1074 et seq.

### Year's Allowance
'13. The Court will not consider a petition to review the allowance made to a widow or children under Section 10509-77 of the General Code, unless such proceeding is filed within the time allowed for filing exceptions to the inventory, except that any interested party who did not have notice of the filing of the inventory may bring such a proceeding within four months after the approval of the inventory. In such a case, at least five days' notice must be given to the widow and the fiduciary.

See Deibel's Ohio Probate Law, 2nd Ed., §§904, 922.

This rule is due to the fact that under G.C. §10509-59, a year's allowance may now be reviewed by exceptions to the inventory. Such exceptions must be filed within 5 days before the date set for hearing. G.C. §10509-77 also provides for the review of a year's allowance, but there is no limitation as to when a review under this Section may be asked for. It is believed the same limitations should apply for both sections except that an interested party who had no notice of the filing of the inventory should not be precluded from asking for a review within a reasonable time.

### Claims for Wrongful Injury or Death
14. In all claims for damages for causing wrongful death, at least three days' notice, in such manner as the Court directs, must be given the surviving spouse, and such other persons as the Court may direct, before a hearing will be held on the matter of settlement or distribution. Such notice may be waived in writing as in other cases.

See G.C. §§10509-167, 10509-168, Deibel's Ohio Probate Law, 2nd Ed., §§1012, 1013.

In approving a settlement or ordering distribution in a wrongful death case, it is believed that if such a settlement was made or distribution ordered without notice to those parties who might be beneficiaries, the settlement or distribution would not be binding as to such parties. In order to protect a fiduciary, especially in making distribution, and so interested parties may give the court information, notice should be given before the court makes an order.

15. Before the Court will approve a settlement for personal injury asked for by a guardian on behalf of his ward, the parents of the ward, if living in the county, must be given three days' notice of the hearing on the proposed settlement, unless it is waived by them in writing, and the ward must be produced in Court if able to be present.

See G.C. §10507-19, Deibel's Ohio Probate Law, 2nd Ed., §786.

Attorneys for insurance companies often take advantage of minors and ignorant parents in attempting to make settlements for personal injury. Quite often severe facial scars are described as trivial by representatives of insurance companies and by their employed physicians. If the ward is required to be present and if notice is required to be given to the parents before a settlement is approved, the court will be better informed as to the merits of a claim.

### Determination of Heirship
16. Whenever property passes by the laws of intestate succession or under a Will to a beneficiary or beneficiaries not named in such Will, the fiduciary shall, within two months after his appointment, bring a proceeding in this Court to determine the persons entitled to such property.

See Deibel's Ohio Probate Law, 2nd Ed., §§940, 941, 947.

G.C. §10509-95 indicates that a proceeding to determine heirship is a permissive proceeding. G.C. §§10509-96, 10509-102 indicates that it is a compulsory proceeding. The Probate Code Committee of the Probate Judges' Association believes that it is compulsory and a rule should be approved to that effect. The law is silent as to when such a proceeding shall be started. An application to transfer real estate can not be filed under G.C. §10509-102 in many instances until after the determination of heirship. An application for transfer must be filed **within three months** and this would indicate that an heirship proceeding should be started not later than two months after appointment of the fiduciary.

## Filing of Accounts

17. If accounts of executors, administrators, guardians, trustees, assignees, etc., are not filed within 30 days after the time prescribed by statute, the Court on its own motion will cite the delinquent accountant to appear and show cause why he does not file such an account.

See G.C. §§10506-34, 10509-170, Deibel's Ohio Probate Law, 2nd Ed., §§715, 1015.

18. No extension of time will be allowed within which to file an account except for good cause shown. If no assets have been collected and no disbursements made in an estate, guardianship, or trusteeship, between accounting periods, the Court, for good cause shown, will accept an affidavit in lieu of an account.

See Deibel's Ohio Probate Law, 2nd Ed., §715.

19. If an estate is not closed within .9 months and additional time is required for that purpose, a written motion must be presented to the Court, as part of the account, stating why an extension is necessary and showing the condition of the estate.

See Deibel's Ohio Probate Law, 2nd Ed., §§1015, 1016.

20. Whenever the closing of an estate depends on the happening of an event and the estate has been administered so far as possible pending such event, the court may excuse the fiduciary from further accounting pending the happening of such event, providing the fiduciary does not have funds in his hands belonging to said estate. If he is required to hold funds pending such an event, the matter will be considered as a trust, and accounts will be required every two years.

See Deibel's Ohio Probate Law, 2nd Ed., §715.

It quite often happens that a life estate in personal property is given to a surviving spouse. An executor delivers the property to the spouse for her use during her life time. It is a futile thing to require the executor to account every six months when he has no property in his possession and yet the estate cannot be closed because further administration will be necessary after the death of the spouse. This would permit dispensing with accounting during such a period. It sometimes occurs that an executor is to hold a legacy for a specified term of years and then delivery is to be made to the legatee. No trust is created specifically because no mention is made of income. It is believed in such a case it should be considered as a trust. The last part of this rule governs such a case.

21. Unless the Court otherwise directs, accounts will be heard within one month after they are filed and notice has been given according to law.

See Deibel's Ohio Probate Law, 2nd Ed., §718.

## Applications, Motions and Exceptions

22. Unless otherwise provided by law, applications, motions and exceptions in controverted causes, will be heard at any time after twenty-four hours' notice to the opposite party, except in cases requiring immediate action. All motions, applications and exceptions must be in writing and filed in Court.

See Deibel's Ohio Probate Law, 2nd Ed., §462.

## Inheritance Tax Proceeding

23. No administrator or executor will be discharged on the filing of a final or distributive account, until an application has been filed to determine the inheritance tax, if any, chargeable against the estate administered.

See Deibel's Ohio Probate Law, 2nd Ed., §276-2.

## Guardianships

24. If a minor is in the care or custody of any person other than the parties entitled to notice by law, a reasonable notice of the application to be appointed must be given to such person. Minors of legal age to choose guardians must appear personally in court to make their choice of guardian, unless for good cause their presence is waived.

See Deibel's Ohio Probate Law, 2nd Ed., §771.

25. In case the same person is guardian of several minors of the same parentage, the guardian's account must show each ward's proportion of the credits and debits, and also the amount remaining to the credit of each ward.

See Deibel's Ohio Probate Law, 2nd Ed., §§715, 796.

26. No payment for the support, maintenance or education of a ward will be ap-

proved unless the guardian files a written application separate from an account to have the amount to be allowed for the support of the ward determined before the account is filed.

See G.C., §10507-16, Deibel's Ohio Probate Law, 2nd Ed., §783.

27. In application for the appointment of guardians for lunatics, idiots, incompetents, etc., the notice to the proposed ward must be served by the Sheriff or some other disinterested person.

See Deibel's Ohio Probate Law, 2nd Ed., §771.

### Insanity

28. Insanity cases will be heard following service of notice, in the manner the Court may direct, to the nearest relatives of the patient, resident of the County.

See Deibel's Ohio Probate Law, 2nd Ed., §§95 et seq.

### Adoption

29. In all cases of adoption, the child to be adopted must be produced in open Court and the exact age must be stated in the application. No application for adoption will be heard by the Court until after an examination of the home of the applicants, and an investigation as to their characters, has been made by a party appointed by the Court.

See G.C. §§10512-9, 10512-10, Deibel's Ohio Probate Law, 2nd Ed., §§1170, 1171.

30. If such a child is in the custody of any other person than the parties in said proceedings, and said person is not entitled to notice by law, reasonable notice shall be given to said person of the pendency of such application and the time same will be heard.

See Deibel's Ohio Probate Law, 2nd Ed., §§1172, 1173..

### Summons and Notice

31. Unless otherwise provided by law, service on persons non-resident of the state by registered mail through the sheriff's office as provided for in Section 11297-1 of the General Code shall be deemed sufficient.

See Deibel's Ohio Probate Law, 2nd Ed., §1371.

The purpose of this rule is to make service by registered mail on non-resident persons effective as provided in G.C. §11297-1.

32. Wherever the statutes provide for notice by "registered mail or otherwise" in the administration of an estate, it shall be deemed sufficient notice in all such cases if the Court, in its discretion, orders general notice be given to each class of persons entitled to notice without specifically naming them, by publication for two weeks one insertion each week, in a newspaper of general circulation in the county where the estate is being administered, provided that the time required by statute has elapsed from the date of the last publication to the date of hearing.

See Deibel's Ohio Probate Law, 2nd Ed., §§462, 465, 904, 964, 1371.

G.C. §10509-59 providing for notice on the filing of inventories and G.C. §10509-119 providing for notice on the filing of schedules of debts specify that such notice shall be given by "registered mail or otherwise". The purpose of this rule is to authorize notice by publication under the term "otherwise". The need for such authorization is very apparent, because in many instances, on the filing of a schedule of debts, notice will be required to be given to many persons, which quite often will run into the hundreds. To require notice by registered mail or personal service makes the expenses of such notice cost more than all the other court costs of administration. In an estate where there are 100 creditors, notice by registered mail would cost an estate not less than $25.00, including the heirs, legatees and other interested persons, not including the clerical work necessary to issue such notices. A general notice by publication would reduce the cost to several dollars. This would not be revolutionary because notices on filing accounts were always given by publication.

### Uniform Blanks

33. Due to the fact that the Court has provided printed books in which to make records of certain proceedings, it will be compulsory for all persons to use blanks prescribed by the Court in such proceedings.

See G.C. §10501-4, Deibel's Ohio Probate Law, 2nd Ed., §445.

In most courts, records of appointments, inventories and many other proceedings are made in a printed book. To permit the use of forms that would not fit these printed books would increase the cost of recording

such proceedings many fold. The use of forms is followed in a great majority of the courts at the present. This rule simply puts into effect by rule a practice that has been followed in most courts for a long time.

### Precipes for Witnesses

34. Precipes for witnesses in the trial of any cause must be filed as early prior to the time set for trial as is reasonably possible.

See Deibel's Ohio Probate Law, 2nd Ed., §1379.

### Court Files

35. No papers on records can be taken from the files unless a receipt is given by the person taking the same. All records and papers must be returned to the files on demand and within a reasonable time after they are removed. Unrecorded papers cannot be taken from the files except by special leave of the court.

See G.C. 10501-5, Deibel's Ohio Probate Law, 2nd Ed., §446.

36. No records or papers shall be taken from this Court to be used as evidence elsewhere, but certified copies can be obtained for such purpose.

See Deibel's Ohio Probate Law, 2nd Ed., §§610, 1133.

### Costs

37. Before any process, not regarded as a matter of course, can issue, or proceeding had, the party applying for or instituting the same must deposit a sum sufficient to cover the cost thereof, except when otherwise directed by law.

See Deibel's Ohio Probate Law, 2nd Ed., §480.

38. Before an appointment of an executor or administrator, or other fiduciary will be made in estates where there are no assets at the time the application is filed, a deposit of $15.00 to cover Court costs will be required before letters will be issued.

See G.C. §10501-39, Deibel's Ohio Probate Law, 2nd Ed., §480.

39. For the purpose of taxing costs, each step in an estate or guardianship will be considered a separate judicial proceeding, and such costs are due and payable on demand. All Court costs due must be paid when an account is filed.

See Deibel's Ohio Probate Law, 2nd Ed., §§483, 1186.

There is a difference of opinion as to whether court costs should be taxed following the conclusion of each proceeding or whether the administration of an estate should be considered as one proceeding from the time of its inception until its close and all costs taxed at the close. The Committee believes costs should be taxed and collected at the close of each separate action or proceeding. To hold otherwise would delay the collection of court costs in a guardianship for many years. This was not the intention of the statutes. This rule would permit the collection of the fees provided in the new fee schedule for all proceedings filed after January 1st, 1932, although the apportionment was made before January 1st, 1932. To hold otherwise, it would be possible for a guardian appointed 20 years ago to file an account for $4.50 while one appointed after January 1st, 1932, would have to pay $6.00. No such situation was intended by the statutes. The former rule read "Court costs in the administration of estates and guardianships are due and payable on demand. All court costs due must be paid when an account is filed."

### Compensation

40. No allowance for attorney fees, or extraordinary services and actual and necessary expenses of a fiduciary will be allowed by the Court, unless a special application is filed with the Court setting forth in detail the services rendered or expenses incurred and the amount claimed therefor, before payment is made. This does not apply to charges by attorneys who have rendered no other service for a fiduciary except the preparation of an account, or to actual or necessary expenses of a fiduciary consisting of a single item.

See G.C. §10509-193, Deibel's Ohio Probate Law, 2nd Ed., §1038.

This rule provides that attorney fees must be itemized and passed on as a separate proceeding. The fee schedule provides for a charge for such a proceeding, although not specifically made mandatory. A great need for this rule.

41. Guardians, unless otherwise provided by law, are allowed an amount for ordinary services not to exceed the following:

Three per cent on all amounts received, and three per cent on all amounts paid out, during accounting periods on sums

not exceeding $1000.00; two per cent on all amounts received, and two per cent on all amounts paid out, during accounting periods, on sums in excess of $1000.00. No percentage will be allowed on balances carried forward from one accounting period to another, nor will an investment of funds be considered as an expenditure; neither will the final distribution of unexpended balances to a ward at the closing of a guardianship be considered as an expenditure. The foregoing allowance is subject to a minimum charge of $10.00 per year.

On motion, further allowances for extraordinary services or expenses may be made by the Court, when it is shown that the same is just and reasonable.

See Deibel's Ohio Probate Law, 2nd Ed., §§733, 795, 1117.

The only change in this rule is to change the maximum percentage for a guardian from 1% to 2% on sums received and expended in excess of $1,000.00, and to provide for a minimum compensation of $10.00 per year.

42. Unless otherwise provided for, the compensation of a trustee will be determined by the Court at each accounting period.

See Deibel's Ohio Probate Law, 2nd Ed., §733.

### Attorney Fees

43. A minimum fee of $35.00 will be allowed an attorney who has rendered complete service in the ordinary administration of an estate. No claim for an allowance of attorney fees in excess of the amount allowed a fiduciary for the administration of an estate will be approved, unless unusual controverted litigation, other than the sale of real estate to pay debts, has been necessary to settle an estate.

See Deibel's Ohio Probate Laws, 2nd Ed., §§236, 494, notes 5e, 5f.

These rules establish maximum attorney fees.

44. In claims for wrongful injuries or death, charges for attorney fees must not be in excess of 25% of the amount recovered when the claim is settled before trial and not more than 33 1-3% when a trial is necessary. The foregoing is subject to a minimum of $50.00. No allowance will be made in cases where there is no recovery.

See Deibel's Ohio Probate Law, 2nd Ed., §1014, note 5.

These rules establish maximum attorney fees.

45. Attorney fees and allowance for extraordinary services and expenses are subject to further review if exceptions should be filed to an account attacking the justification of the payment made.

See Deibel's Ohio Probate Law, 2nd Ed., §1038.

These rules establish maximum attorney fees.

Respectfully submitted by the Probate Code Committee of the Probate Judges' Association.

J. H. LAMNECK,
Probate Judge, Tuscarawas County, Chairman
GIDEON PALMER,
Probate Judge, Butler County
HARVEY J. ALEXANDER,
Probate Judge, Licking County
CLIFFORD M. WOODSIDE,
Probate Judge, Mahoning County
HARRY G. GRAM,
Probate Judge, Clark County
Committee.